UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR GILBERT,

       Movant,

                                                            Case No. 1:16-cv-595

v.

                                                             HON. PAUL L. MALONEY

UNITED STATES OF AMERICA,

       Respondent.
                                       /

## **O P I N I O N**

This matter comes before the Court on Movant Oscar Gilbert's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) On August 15, 2016, the Government filed a response in opposition. (ECF No. 7.) The Court appointed counsel and permitted Movant to file a supplemental brief. (ECF No. 10.) On May 19, 2017, Movant filed his supplemental brief (ECF No. 17), and on May 31, 2017, the Government filed a response (ECF No. 18). Movant raises a challenge under *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that the residual clause in the Guidelines' definition of crime of violence is unconstitutionally vague. For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On May 30, 2003, Movant pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base and to possession of a firearm as a convicted felon. (*United States v. Gilbert*, No. 1:03-cr-102, W.D. Mich., Plea Agreement, ECF No. 17.) The presentence investigation

report noted that, although Movant was a career offender, the career-offender base-offense level was not used because the quantity-base-offense level was higher. (*Id.* at ECF No. 91 ¶ 55, PageID.196-97.) Movant had two prior convictions for crimes of violence: felonious assaults from January and July of 1995, qualifying him for career-offender scoring. (*Id.*)

On May 23, 2016, Movant filed this motion to vacate, set aside, or correct sentence under § 2255. Movant also moved for authorization to file a second or successive § 2255 motion, which the Sixth Circuit denied on August 30, 2016. (*Id.* at ECF No. 111.)

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

## III.

**A. Procedural arguments**

The Government argues that Movant's *Johnson* claim is untimely, relies upon a rule that does not apply retroactively, and is procedurally defaulted. (ECF No. 18, PageID.64.)

The Court is not required to address procedural default issues before addressing the merits of a § 2255 petition. *Jackson v. United States*, No. 06-20368, 2008 WL 2357700 at *1 (E.D. Mich. June 9, 2008) (citing *Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000)). Therefore, the Court will only address the merits of Movant's *Johnson* claim.

### B. *Beckles* left the question open

The Sentencing Guidelines were mandatory until the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), rendered them advisory. In *Beckles*, the Supreme Court relied upon the fact that the Guidelines are now advisory to hold that they were not subject to void-for-vagueness challenges. *Beckles v. United States*, __ U.S. ___, 137 S. Ct. 886, 896 (2017). The Court opined that "only the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Id.* It explained:

> The Guidelines thus continue to guide district courts in exercising their discretion by serving as 'the framework for sentencing,' *Peugh v. United States*, 133 S. Ct. 2072, but they 'do not constrain th[at] discretion," *id.* (Thomas, J., dissenting). Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge. As discussed above, the system of purely discretionary sentencing that predated the Guidelines was constitutionally permissible. If a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be.

*Id.* at 894. The Court took no position on whether *Johnson* applies to prisoners sentenced under the mandatory Guidelines. In fact, in her concurring opinion, Justice Sotomayor noted:

> The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*, 543 U.S. at 220] that is, during the period in which the Guidelines did 'fix the permissible range of sentences,' ante, at 5—may mount vagueness attacks on their sentences. See Brief for Scholars of Criminal Law, Federal Courts, and Sentencing as Amici Curiae 33-34. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.

3

*Id.* at 903, n.4. Movant argues that *Beckles* does not prevent his *Johnson* claim because he was sentenced before the Supreme Court rendered the Guidelines advisory. *See Booker*, 543 U.S. at 233 (noting that the Guidelines were "mandatory and binding on all judges").

**C. Movant qualifies a career offender under the "elements clause"**

The ACCA provides for a mandatory minimum sentence of 15 years of imprisonment for a violation of 18 U.S.C. § 922(g) where the defendant's felony record includes three prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). There are three clauses in the ACCA that define whether a prior conviction qualifies as a "violent felony": (1) the "elements clause" has "as an element the use, or attempted use, or threatened use of physical force against the person of another;" (2) the "enumerated offenses" clause is "burglary, arson, or extortion [or] involves use of explosives;" and (3) the "residual clause." Although the Supreme Court ruled that the residual clause was unconstitutionally vague, the Court explicitly noted that *Johnson* "does not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony," including a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Johnson*, 135 S. Ct. at 2563 (quoting 18 U.S.C. § 924(e)(2)(B)(i)). Whether a conviction is a "violent felony" under the ACCA is analyzed in the same way as whether a conviction is a "crime of violence" under the Guidelines. *United States v. McMurray*, 653 F.3d 367, 371-72 (6th Cir. 2011); *see also* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.2(a).

*Johnson* does not afford Movant relief: he qualifies as a career offender other than through the residual clause. The Sixth Circuit has held that Michigan's felonious assault is a "crime of violence" under the elements clause. *United States v. Harris*, 853 F.3d 318, 322 (6th Cir. 2017). Movant acknowledges this, but raises the issue to preserve it for further review. (ECF No. 17,

4

PageID.58.) Assuming Movant's *Johnson* claim survives *Beckles*, *Harris* still controls: Movant's prior convictions for felonious assault are crimes of violence under the elements clause. Therefore, Movant's *Johnson* claim is without merit.

**IV.**

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon his by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Under 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted." *Id.* at 467. Because Movant cannot make a substantial showing of the denial of a federal constitutional right with respect to his claim, a certificate of appealability will be denied.

A judgment and order will enter in accordance with this opinion.

Dated: June 12, 2017  /s/ Paul L. Maloney
 Paul L. Maloney
 United States District Judge